# MEMORANDA

# CASES NOT REPORTED IN FULL.

---

## JACOB H. TODD, APPELLANT, v. GEORGE C. MONELL AND OTHERS, RESPONDENTS.

*Conveyance in consideration of an agreement to support the grantor — when void as to his creditors.*

APPEAL from an order made at Special Term, vacating a. judgment entered in this action, and allowing the defendants to appear and defend the same.

The plaintiff had obtained a judgment by default, setting aside a conveyance from Isaac Monell and wife, to George C. Monell, as fraudulent. Plaintiff was a judgment creditor of Isaac Mouell.

The court, at General Term, said : " The only proof of merits contained in the moving papers is an affidavit of the attorney for defendant, that George C. Monell ' became a purchaser for the full value of said property,' a general affidavit of merits, by George C. Monell, and the agreement under which the sale was made. The agreement expresses, as a part of the consideration of the purchase, that the grantee, George C. Monell, shall furnish and supply to the judgment-debtor and his wife, ' jointly and severally, a good and substantial living and support in the dwelling-house upon said premises, of good and sufficient food and quantity, and for and during their natural lives, and the natural life of each of them ; and, also, good and sufficient clothing and wearing apparel of their own selection, and, at their option, for and during the term aforesaid, with such conveyances and reasonable and necessary traveling expenses, during such time as they or either of them may require, which said maintenance and support, as above set forth, shall be considered and is hereby declared to be a part of the consideration of and for the premises aforesaid."

"The conveyance based upon the covenant was void as against the creditors of the grantor. (*Robinson* v. *Stewart*, 10 N. Y., 189 ; *Barney* v. *Griffin*, 2 N. Y., 365.)"

*Hulse and Taylor*, for the appellant.  *E. A. Van Sickles*, for the respondents.

Opinion by BARNARD, P. J., DYKMAN, J., concurred, PRATT, J., not sitting.

Order setting aside default reversed, with ten dollars costs and disbursements.